# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENYADDA HERMAN RICE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-1799 |
| | : | |
| PO STRUBLE, *et al.*, | : | |
|     Defendants. | : | |

## <u>MEMORANDUM</u>

**PAPPERT, J.**                                                                                                             July 18, 2022

    *Pro se* Plaintiff Kenyadda Herman Rice sued the City of Philadelphia, its Police Department, and Philadelphia Police Officers Struble, Bedraihs, Kling and Nestell. Although not entirely clear, the complaint appears to allege that Philadelphia police officers on the afternoon of May 9, 2020 violated Rice's constitutional rights pursuant to 42 U.S.C. § 1983. Rice seeks to proceed *in forma pauperis*. For the following reasons, the Court grants Rice leave to proceed *in forma pauperis* and dismisses his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because some of Rice's claims are dismissed without prejudice, he will be allowed to file an amended complaint.

## I

    The allegations in Rice's Complaint are brief. (Compl. at 3.)[1] On May 9, 2020 at approximately 2:15 pm, Rice contends that he was getting out of his car near his home "when Officer Struble ask me to return to my vehicle." (*Id.*) Rice claims that when he "question[ed] [Officer Struble] on that order" Rice experienced "[s]earching, seizing without any probable cause unwanted, detainment by all officers, officers deleting

---

[1] The Court adopts that pagination supplied by the CM/ECF docketing system.

videos off citizen cell phone including the stop and sexual content video of plaint[iff]." (*Id.*)  He claims to have sustained physical and emotional injuries including a swollen wrist and fingers as well as depression, anxiety, and post-traumatic stress. (*Id.* at 4.) Based on these facts, Rice primarily seeks compensatory and punitive damages. (*Id.*).

II

The Court grants Rice leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this case.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Rice is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8

F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

The Court understands Rice to be asserting a Fourth Amendment claim.[2] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Personal involvement of each defendant is a required element under § 1983, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'") (quoting *Rode*, 845 F.2d at 1207)).

A

Rice cannot state claims against the City of Philadelphia Police Department. A police department is "merely an administrative arm of the local municipality, and is not a separate judicial entity" for purposes of a § 1983 claim. *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001); *see also Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality). Furthermore, agencies of the City of Philadelphia, such as the

---

[2] Rice refers to the "1st Amendment, 2st [sic] Amendment, 4st [sic] Amendment, [5th] Amendment, and 14 Amendment." (Compl. at 2.) However, as discussed *infra*, Rice's claims of illegal search, seizure and detention are best understood as Fourth Amendment claims.

3

Philadelphia Police Department, do not have a separate legal existence from the City. *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (observing that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia."); *Bush v. City of Philadelphia Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) (dismissing the Philadelphia Police Department as a matter of law because it is not a legal entity separate from the City of Philadelphia); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division).  Accordingly, Rice's § 1983 claim against the City of Philadelphia Police Department will be dismissed with prejudice.

B

With regard to the other Defendants, Rice's Complaint is conclusory and lacks sufficient factual allegations to state plausible claims.  Rice alleges that "officers" searched, seized and detained him without "probable cause" and "delet[ed] videos off of citizen cell phone."  (Compl. at 3.)  As noted above, these claims are best analyzed under the Fourth Amendment, which guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV; *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 919 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment.");

4

*Albright v. Oliver*, 510 U.S. 266, 274 (1994) ("The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it.").

Even construing the allegations in the Complaint liberally, the circumstances of Rice's interactions with Philadelphia police officers on May 9, 2020 are unclear. Rice does not allege that he was arrested, and while he claims to have been illegally detained, he fails to allege facts to plausibly show he was detained or that any detention was unlawful. In addition, Rice does not allege specific facts to support his conclusory assertion that Defendant Struble (or any other individual Defendant) unlawfully searched, seized or detained him.[3] He does not say which officer or officers detained him, which officer or officers searched him, what exactly was searched,[4] or what was seized and by whom. Absent any factual allegations explaining why the conduct of the Defendant Officers was unlawful, Rice's allegations suggest only a possible, rather than a plausible, basis for a Fourth Amendment claim. *See generally Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across

---

[3] To the extent Rice complains of physical injuries to his wrist and fingers, he also does not identify which officer, if any, allegedly used excessive force against him in violation of the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding "that *all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach").

[4] It is unclear whether the cell phone mentioned in the Complaint belonged to Rice or whether Rice is alleging that the officers deleted images off of cell phones belonging to third parties.

the line from conceivable to plausible, their complaint must be dismissed."). Accordingly, the Court will dismiss Rice's Fourth Amendment claims against the individual officers for failure to state a claim pursuant to § 1915(e)(2)(B)(ii), but he can amend this claim to address the identified pleading deficiencies.

C

Rice also names the City of Philadelphia as a Defendant. Even if his claims could be construed as having asserted an underlying constitutional violation, Rice fails to allege a basis for municipal liability because he does not contend a municipal policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Rice's Complaint lacks allegations stating a plausible *Monell* claim. He does not identify a custom or policy of the City of Philadelphia nor does he set forth any causal relationship between a custom or policy and an underlying constitutional violation. As such, any claim against the City of Philadelphia must be dismissed pursuant to § 1915(e)(2)(B)(ii).[5]

---

[5] Construing the Complaint liberally, the Court assumes that Rice may seek to hold the City of Philadelphia liable because it employs the individually named City of Philadelphia Police Officer Defendants. However, municipalities cannot be held liable for the conduct of employees pursuant to *respondeat superior*. *See Merritt v. Hartman*, No. 19- 2008, 2019 WL 2600953, at *2 (E.D. Pa. June 25, 2019) (citing *Monell*, 436 U.S. 658 (1978)).

D

In his prayer for relief, Rice seeks punitive damages for the "state tort invasion of privacy, intentional infliction of emotional distress, and assault and battery." (Compl. at 4). Because the Court has dismissed Rice's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Furthermore, there is no apparent basis for the Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, Rice's state law claims are dismissed without prejudice for lack of jurisdiction.

IV

For the reasons stated, the Court dismisses Rice's federal claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and his state law claims for lack of subject matter jurisdiction. Rice's claims against the City of Philadelphia Police Department are dismissed with prejudice. His claims against the City of Philadelphia and City of Philadelphia Police Officers Struble, Bedraihs, Kling, and Nestell are dismissed without prejudice. Since Rice is *pro se*, he will be given the option of filing an amended complaint in the event he can address the defects the Court has identified in the claims dismissed without prejudice.

An appropriate Order follows.

                                              **BY THE COURT:**

                                              ***/s/ Gerald J. Pappert***
                                              **GERALD J. PAPPERT, J.**